JOHN HARVEY O'CONNELL, Admr. of KATE O'CONNELL, Deceased, Appellant, v. MERCANTILE TRUST COMPANY, Defendant; ST. LOUIS TRANSIT COMPANY et al., Respondents.

St. Louis Court of Appeals.    Argued and Submitted April 5, 1910. Opinion Filed May 3, 1910.

1. APPELLATE PRACTICE: Dismissal of Appeal: Failure to Preserve Exceptions. Since, without any bill of exceptions, the Court of Appeals, with the record proper before it, is bound to look into the case to determine whether there is error on the record proper, and on that conclusion affirm or reverse, it is no ground for dismissal of an appeal or writ of error or for affirmance that the bill of exceptions has not been filed or exceptions saved to the overruling of a motion for a new trial.

2. PLEADING: Judgment on Pleadings: Issues of Fact. Where a sum of money was deposited with a trust company to protect a purchaser from the depositors against judgments against them, and, in an action to recover the deposit, a holder of one of the judgments pleaded the judgment and its assignment, to which the depositors pleaded the invalidity of the judgment and that it was barred by limitation, it was error to render judgment on the pleadings in favor of the holder of the former judgment without an examination of the facts.

3. PARTIES: Necessary Parties: Interpleaders for Fund. Where under an agreement, a sum of money was deposited to protect a purchaser from judgments outstanding against the depositors, all of the judgment creditors named in the agreement were necessary parties to an action by the depositors to recover the same, and where part of them were not served either personally or by publication, it was error to render judgment for payment of a part of the fund to the other creditors, leaving the balance undisposed of by the judgment.

4. **HUSBAND AND WIFE: Wife's Separate Property: Contract to Pay Judgment: Construction.** Where a husband and wife deposited funds with a trust company to secure purchasers of land against outstanding judgments against the depositors, the fact that said land belonged to the wife, while one of the judgments referred to in the agreement of deposit was against the husband alone, would not affect the right of the owner of such judgment to recover a sufficient amount under the agreement to pay his judgment, if valid and otherwise unpaid, since by that contract the wife made herself responsible for the payment of the judgments mentioned in it.

Appeal from St. Louis City Circuit Court.—*Hon. Robt. M. Foster,* Judge.

REVERSED AND REMANDED.

*Thos. Morris* for appellant.

The pleadings of the interpleaders, either and both, will not sustain a verdict for the following reasons: The pleadings fail to show a transcript of a judgment from the justice's court or the circuit court. This applies to both interpleas. The interplea of Jared W. Young fails to show that the judgment was filed in the circuit court by Annie Haliburton and fails to show that it was ever revived. The interplea as to the St. Louis Transit Company shows that its judgment, if such exists, is against Patrick O'Connell. All the papers in the case, and especially the written agreement with the defendant Mercantile Trust Co., show that this $1000 is part proceeds of the sale of the separate estate of Kate O'Connell. Hoffman v. Buchanan, 123 S. W. 168; Fields v. Florence, 123 S. W. 187; Singleterry v. Goeman, 123 S. W. 436; Carpenter v. King et al., 42 Mo. 219.

148 App—27

*Boyle & Priest* and *George T. Priest* for respondent, Transit Co.

*R. L. McLaren* for respondent, Young.

STATEMENT.—On the 13th of September, 1904, Kate O'Connell and Patrick O'Connell entered into the following agreement with the Mercantile Trust Company:

"Whereas, Charles C. McCloskey, as trustee of Kate O'Connell, and Kate O'Connell and Patrick O'Connell, her husband, for themselves, are about to convey to Herman Gilbert and William G. Stohlman certain real estate situated in the city of St. Louis, Missouri, by deed dated the 18th day of August, 1904, which said real estate is described as follows: Lots numbered (12) twelve and thirteen (13) in block number two (2) of Thomas F. Smith's First Addition to the city of St. Louis and in city block numbered seventeen hundred and thirty-two (1732), said lots having together a front of fifty (50) feet on the southern line of Manchester avenue by a depth southwardly between parallel lines of one hundred and (120') twenty feet to the northern line of Walnut street, on which said lots have also an aggregate front of fifty (50') feet, bounded on the north by Manchester avenue, on the south by Walnut street, on the east by lot number fourteen (14), and on the west by lot number eleven (11) of said block and addition, together with the improvements erected thereon. The deed is made subject to a deed of trust mentioned in said conveyance, and, whereas, there exist against the aforesaid Kate O'Connell and Patrick O'Connell certain judgments as follows:

"A judgment in favor of Annie Haliburton of date July 31st, 1899, for possession of $150.00, damages $150.00, abstracted November 2, 1901, which said judgment has been assigned to Jared W. Young.

"A judgment against Kate O'Connell in favor of Henry Palmer, dated July 31st, 1898, for possession

$15.00, damages $20.00, abstracted November 2, 1901.

"A judgment against Kate O'Connell, surety, in favor of Minnie Slevin, dated January 8th, 1902, for $32.35, abstracted March 20th, 1902.

"A judgment against Pat O'Connell, surety, in favor of the St. Louis Transit Co., dated March 4th, 1902, for $52.95, abstracted September 26th, 1902.

"All of which judgments were rendered in the city of St. Louis, and are recorded in the circuit court of the city of St. Louis, Missouri; and, whereas, it is the desire of the said Kate O'Connell and Patrick O'Connell to protect the purchasers of the property in question, namely, Herman Gilbert and William G. Stohlman, against any liens or liability on account of said judgments:

"Now, therefore, in consideration of the premises the said Kate O'Connell and Patrick O'Connell have deposited with the Mercantile Trust Company of the city of St. Louis, Missouri, the sum of one thousand dollars ($1000.00), which said sum is to remain on deposit with said company for a period ending on the 18th day of August, 1907, unless in the meantime the said judgments, together with all costs, interest and damages thereunder have been fully paid and satisfied of record. Should the said Kate O'Connell and Patrick O'Connell, prior to the 18th day of August, 1907, pay and satisfy the judgments above set forth and all of them, then the said sum of one thousand ($1000.00) dollars is to be returned to them. But if the said judgments or any of them have not been so paid and satisfied then the Mercantile Trust Company shall, at the time named, the 18th day of August, 1907, proceed to pay all of said judgments or any which then exist, together with all property interest, costs and damages; and after the payment of said judgments, costs, interest and damages shall repay the balance to said Kate O'Connell, and the Mercantile Trust Company shall have reasonable compensation for its review hereunder. In witness whereof,

the said Kate O'Connell and Patrick O'Connell and the Mercantile Trust Company have hereunto set their hands, and the Mercantile Trust Company has caused its name to be signed and its seal attached this 13th day of September, 1904.

"(Signed.)      KATE O'CONNELL,

"PATRICK O'CONNELL,

"MERCANTILE TRUST CO.,

"By ——————————

"Trust Officer."

Subsequently Kate and Patrick O'Connell died, and John H. O'Connell was appointed administrator of Kate's estate. This administrator instituted this action against the Mercantile Trust Company to recover from it the one thousand dollars, alleging in his petition that so far as he is aware there was only one claim purporting to be a judgment against the estate of Kate O'Connell and that on that being presented for payment it was declared to be void; that the defendant Mercantile Trust Company had not paid any claims or judgments out of the fund of one thousand dollars chargeable against the estate of Kate O'Connell, but has the said sum to the credit of the estate and that it is due and payable to plaintiff as administrator of Kate O'Connell. Averring demand of the one thousand dollars from the Trust Company and that it had not been paid, he prays for judgment for that amount and costs. It is further averred in the petition that at the time of making the above agreement, Kate O'Connell was a married woman and owned the property referred to in the agreement in her own right and had sold it through the agency of the Mercantile Trust Company and at the time of the sale she and her husband were obliged to sign the agreement above set out. The defendant Mercantile Trust Company, hereafter referred to as the Trust Company, answered, setting up that it held the one thousand dollars under the agreement above set out, which amount it offered to pay into court. It further avers by way of

cross-bill and bill of interpleader, that the one thousand dollars had been claimed of it by Patrick and Kate O'Connell in their lifetime and by the administrator of Kate, plaintiff herein, after her death; that it, the Trust Company, has also been notified by Jared W. Young, "mentioned in said agreement as being the assignee of a judgment in favor of Annie Haliburton," that the judgment has not been paid and is still in force and demanded payment thereof from the Trust Company, but that Patrick and Kate O'Connell during their lifetime, and the plaintiff, as Kate's administrator, after their death, had notified the Trust Company not to pay the judgment, because, as they claimed, the judgment was void; that it had been requested and demanded of it by Henry Palmer and by Minnie Slevin and by the St. Louis Transit Company, that it pay the amounts of their several judgments out of that fund to them and that it had been notified by the O'Connells and the administrator not to pay the same to any of them because they claimed that the judgments were satisfied or void, and that the parties named in the agreement had notified the defendant Trust Company that they intended to institute suit against it unless payment thereof was made, but that they have refrained from bringing said suits upon the assurance of defendant that it would pay the money into court and file a bill of interpleader against the plaintiff and the parties respectively for the purpose of enabling the parties to assert their right to the fund. Averring that it holds the fund for the purpose of paying over the same to whoever it belongs and that it is unable to determine the respective rights of the parties, it asks the court to require them to interplead and to assert their claims to the fund. The court accordingly ordered the issue of the summons to these parties to answer and interplead. Jared Young answered, claiming about five hundred dollars of the fund by virtue of the judgment referred to which was in replevin and against Kate O'Connell and the Fidelity

& Deposit Company of Maryland, surety on the replevin bond. The answer of Young further avers that at the time the agreement was made the judgment referred to in the agreement was in force and had been assigned to him, and setting out the agreement, asks that the amount of that judgment, interests and costs be paid over to him. The plaintiff answered this interplea of Young, setting up that in the replevin suit, which it seems was by one Pratt against Annie Haliburton and others, and that in it the Fidelity & Deposit Company of Maryland and Kate O'Connell had signed the bond of the plaintiff Pratt in that case, and that the issues in it were determined in favor of Haliburton. It is then alleged that the Fidelity & Deposit Company of Maryland, as one of the sureties on the bond, through Young, who, it avers, was its agent and servant and who is the interpleader herein, settled with Annie Haliburton, who thereupon assigned her judgment to Young; that afterwards Young, in his own name, as assignee of this judgment, "filed a citation and affidavit" in the justice's court to revive the judgment; that the justice entered up a judgment of revival against Kate O'Connell; that Kate O'Connell appealed from this judgment and in that appeal the case was dismissed by the circuit court for want of jurisdiction; that afterwards Young filed a suit in the probate court which resulted in a judgment in favor of Young against the estate of Kate O'Connell for the amount of the judgment; that the administrator, the present plaintiff, appealed from the judgment of the probate court allowing the claim founded on the judgment of the justice, but when the case was called for trial, Young dismissed it. It is further averred, on information and belief, that Young, the interpleader, has no interest whatever in the cause or judgment, and that the real party in interest is the Fidelity & Deposit Company of Maryland; it avers that the judgment entered up by the justice in favor of Annie Haliburton the 31st of July, 1899, has never been re-

vived in the name of Annie Haliburton against Kate O'Connell or against her estate, either in the name of Annie Haliburton or in the name of any person as assignee since the date of the judgment. Plaintiff also pleads the Statute of Limitations as against the judgment or its allowance in this case, and avers that it is void and of no effect in favor either of Annie Haliburton or in favor of any assignee, as against the estate of Kate O'Connell, deceased. The Transit Company set up the judgment in its favor, referred to in the agreement, and claimed that it had not been paid and claims that there is due $52.95 out of the one thousand dollars deposited. Answering this interplea the plaintiff sets up that the property out of which this one thousand dollars transaction arose belonged to Kate O'Connell, title being vested in her through a trustee and that her interest in it was not responsible for the debts of her husband, and that the money held by the defendant was payable to Kate O'Connell, deceased, and not to her husband, and the estate of Kate is not responsible for any of the debts contracted by Patrick O'Connell during his lifetime. No service was had upon Minnie Slevin or Henry Palmer, the sheriff returning as to them that they were not found. When the case came for trial, the counsel for the St. Louis Transit Company and for Jared Young moved for judgment on the pleadings, announcing that they had no evidence to introduce. Plaintiff introduced none and the court sustained the motion, rendering this judgment:

"Now at this day this cause coming on for hearing, comes the plaintiff by attorney, and comes also the St. Louis Transit Company and Jared W. Young, interpleaders herein, by their respective attorneys, but the interpleaders Henry Palmer and Minnie Slevin come not. Thereupon said interpleader Jared W. Young and the St. Louis Transit Company submit this cause to the court on the pleadings, and the court having duly considered the same, doth find that the interpleader St.

Louis Transit Company is entitled to the sum of seventy-four dollars and forty cents, and that interpleader Jared W. Young is entitled to the sum of five hundred fourteen dollars and ninety-four cents, of the fund heretofore paid into court by the defendant herein.

"It is therefore ordered and adjudged by the court that the clerk of this court pay over to said St. Louis Transit Company the said sum of seventy-four dollars and forty cents, and to said Jared W. Young the said sum of five hundred and fourteen dollars and ninety-four cents, as such interpleaders, and that the plaintiff pay the costs of this proceeding and execution issue therefor."

This is the only judgment entered in the case. In due time plaintiff filed a motion for new trial as also one in arrest, both of which were overruled, plaintiff duly saving exceptions to the overruling of the motions, as appears by the transcript on file, and in due time filed its bill of exceptions and perfected appeal to this court.

REYNOLDS, P. J. (after stating the facts).—The St. Louis Transit Company has filed a motion to dismiss plaintiff's appeal and to affirm the judgment of the court below because it does not appear from the abstract of the record filed by appellant that there was any order of record made by the court below allowing appellant's bill of exceptions or any entry of record showing that plaintiff's bill of exceptions was filed or that plaintiff's affidavit for appeal was allowed by the court "by any order of record." The abstract is somewhat faulty in the way in which these matters are shown, but they appear sufficiently to warrant us in looking to the transcript itself and doing that, we find that exceptions were properly saved, bill of exceptions duly tendered and filed and the proper affidavit for appeal made and the order granting the appeal entered of record. The motion must therefore be overruled. As this matter comes up

so often before us, it is well to call attention of counsel to the fact that whether a bill of exceptions is filed is not material in determining the question as to whether we should dismiss the appeal or affirm. Even without any bill of exceptions, with the record proper before us, we are bound to look into the case to determine whether on that record proper there is error and on that conclusion affirm or reverse. But it is no ground for dismissing an appeal or writ of error or for affirming, that the bill of exceptions has not been filed in the case or exceptions saved to the overruling of a motion for new trial. We state this here because it comes up so very often that counsel seem to have overlooked the matter.

As to the case itself, the judgment of the circuit court in favor of the St. Louis Transit Company is correct. So far as concerns the judgment in favor of Jared Young, assignee of Annie Haliburton, the issue raised on the interplea of Young by the answer of plaintiff presented issues of fact as well as of law and it was error in the circuit court to render judgment in favor of Young on mere motion without examination into the facts. Moreover Slevin and Palmer are necessary parties. There can be no determination of this question in their absence of the complete disposition of the fund. If they are not to be found within the state, they must be brought into court by publication on proper affidavit of non-residence. The decree makes no disposition of the whole fund. It awards about six hundred dollars to Young and the Transit Company, and leaves about four hundred dollars in court and undisposed of. This is error.

It is earnestly insisted by counsel for appellant that as the property involved in the agreement between Mrs. O'Connell and her husband on the one part and the Trust Company on the other was the sole and separate estate and property of Mrs. O'Connell, that she could not bind it for payment of the debts of her

husband.    That is foreign to the issue in this case.    The determination of this case must depend upon the construction of the contract pleaded. By that contract Mrs. O'Connell has chosen to make herself responsible for the payment of the judgments mentioned in it.    Whether they are judgments against her or against her husband or against both of them, or against any one else is immaterial. She is bound for them by this contract as long as they are unsatisfied and have not been paid by her, her husband or any one for them, or if paid by the Mercantile Trust Company, provided they are existing obligations, and that company is entitled to deduct from the fund the amount, if any, paid thereon, assuming that at the time of that payment, they were valid and subsisting judgments.

Accordingly the judgment is reversed and the cause remanded for proceedings in accordance herewith after all of the parties have been brought in on proper service. As to the St. Louis Transit Company, on final determination of the case, the judgment heretofore entered in its favor should be re-entered, along with a proper judgment disposing of the whole fund and all the parties in order that this matter may be disposed of as to all the intervening parties and the fund itself by one judgment.    All concur.