JOHN HARVEY O'CONNELL, Administrator, Respondent, v. MERCANTILE TRUST COMPANY, Defendant; JARED W. YOUNG, Interpleader, Appellant.

St. Louis Court of Appeals. Argued and Submitted April 4, 1912. Opinion Filed May 7, 1912.

1. CONTRACTS: Construction: Rights of Third Parties. An agreement, made by a vendor of land with the vendee, whereby the former deposited with a third party an amount of money to protect the vendee against judgments which were a lien against the land, was not an agreement for the benefit of the holders of the judgments, nor were they parties to it.

2. JUDGMENTS: Justices' Courts: Lien: Expiration. The lien of a judgment rendered in a justice's court expires in three years after its rendition.

3. EVIDENCE: Exclusion: Irrelevant Evidence: Interpleader. The vendor of land, against whom judgments had been recovered, deposited with a trust company, under an agreement with the vendee, a sufficient amount of money to discharge the judgments, provided that if they were not discharged by a certain time the funds should be returned. In an action by the vendor's administrator against the trust company for the return of the funds, a holder, by assignment, of one of the judgments intervened, claiming title to the funds. It appeared that he was the agent of a surety company, which had signed a replevin bond as co-surety with the deceased vendor, under an indemnity agreement whereby the latter was to hold the surety company harmless. The holder of the judgment did not own the judgment, but was merely the trustee for the surety company. The indemnity agreement was offered in evidence but was excluded. *Held*, that it was properly excluded, as being entirely irrelevant to the issues.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams*, Judge.

AFFIRMED.

*Robt. L. McLaran* and *Geo. E. Smith* for appellant.

(1) The contract of September 13, 1904, was a new promise on good consideration and was amply suf-

ficient to take the Young judgment out of the Statute of Limitations. The judgment, it is true, was five years, one month and twelve days old, at that time, and it was barred as a cause of action, but could have been revived by *scire facias* at any time prior to the expiration of ten years after its date. It had over four years and eleven months of continuing life. 2 R. S. 1909, secs. 7537-8; Sublette v. Railroad, 96 Mo. App. 113; Long v. Thormond, 83 Mo. App. 227. If Kate O'Connell saw fit to promise to pay this judgment, whether barred or not, her representative has no right to complain. (2) The new promise was praiseworthy, both in law and morals. She had the Surety Company to sign this replevin bond for her, and had contracted to indemnify it against all loss or damage therefrom. She failed to pay the judgment entered against her in the case, and the Surety Company was obliged to pay it for her. The Surety Company took an assignment of the judgment from Halliburton to Young, who holds it for the Surety Company as indemnity. Ferguson v. Carson, 86 Mo. 673, s. c. 13a 29.

*Thos. Morris* for respondent.

(1) The judgment obtained by Annie Halliburton was not a lien on the real estate of Kate O'Connell after the judgment was three years old. It was not a valid subsisting judgment against the personal estate of Kate O'Connell, because it was outlawed by the Statute of Limitations one month and twelve days before this money came into the hands of the Mercantile Trust Co. Crittenden v. Graves, 128 S. W. 522; Sublette v. Railroad, 96 Mo. App. 113. (2) The Fidelity & Deposit Co. of Maryland saw fit to bring this alleged claim in the name of Jared W. Young, as assignee of Annie Halliburton, and they are now bound by that cause of action and will not be heard to change it. Benseick v. Cook, 11 Mo. 182; Mining Co. v. Casualty Co., 142 S. W. 443. A surety of defendant in execution cannot, by paying the

amount of a judgment and obtaining an assignment thereof by a summary proceeding at law, sue out an execution against his co-surety, and such execution may be quashed. Hill v. Sherwood, 59 Mo. 172; Fritz v. Kirschendoerfer, 124 S. W. 882; Johnson v. Sherwood, 125 S. W. 212.

REYNOLDS, P. J.—This is the second appeal in this case. The petition in the case and the agreement between respondent's decedent and the Trust Company, as well as the answer of appellant, are set out in full in the report of the case when previously before us and will be found under the title O'Connell, Admr. v. Mercantile Trust Company, St. Louis Transit Company et al., Respondents, 148 Mo. App. 416, 128 S. W. 30. The cause coming on for trial, after having been remanded, defendants Slevin and Palmer were duly brought into court by publication and not appearing, judgment by default having been entered, the court entered final judgment eliminating them from any interest in the trust fund. The former judgment in favor of the Transit Company was confirmed. Judgment went against the appellant Young, the remaining interpleader. At this last trial, the circuit court found against this interpleader and awarded the fund, less certain deductions for costs and allowances, to the administrator of Kate O'Connell. From this, after interposing a motion for new trial, the interpleader, Young, has duly perfected appeal to this court.

We said when the case was here before that under the agreement the interpleader was entitled to have payment of the judgment he held, provided that at the time when payment was due, it was a valid and subsisting judgment. The trial court has found that it is not a subsisting judgment.

We see no reason to disturb the judgment of the learned trial court. Interpreting the trust agreement in its spirit as well as its legal effect, we hold that the

object of that was to protect the purchaser of the property against the liens of these judgments, Kate O'Connell and her husband having sold certain lots on which these judgments were then supposed to be a lien, and desiring to guarantee the purchaser against liability on these judgments. While by that agreement the O'Connells guaranteed to protect this property against these liens, and they are noted as liens against the property, by the payment of these judgments recited in it, the holders of these judgments were not parties to this agreement. In law as in fact it was a contract with the purchaser of the lots to protect these lots against these judgments. In short, we do not think that this was a contract made with one for the benefit of another. As to the claim of appellant that the judgment rendered in the justice's court in favor of the assignor of the appellant is a lien, it is to be noted that it had been rendered over five years before the institution of the suit. It had expired as a lien three years after its rendition, and thereafter, and before this action was commenced and without revivor of the judgment, the judgment debtor had parted with her interest in the property.

At the present trial appellant introduced an agreement which had been entered into between the Fidelity & Deposit Company of Maryland and Kate O'Connell, which is to the effect that in consideration of the Fidelity Company signing as co-surety with Kate O'Connell on a replevin bond, she agreed to hold the Fidelity & Deposit Company harmless and to indemnify it against all loss or damage accruing by reason of it having signed that bond. The appellant Young, as appears by the evidence at the last trial, was a mere agent and representative of the Fidelity & Deposit Company and as such assignee of the judgment, holding it in trust for the Fidelity & Deposit Company. As we understand the record the court excluded this re-

ceipt when first offered but appears afterwards to have admitted it. We think its exclusion was proper, as we are unable to understand how it is at all relevant or material to the issues in this case.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.

